# NEWPORT COUNTY.

ANN ELIZA WILBUR *et al. vs.* CHARLES W. JERNEGAN *et als.*

In Rhode Island, giving a note for a precedent debt does not *primâ facie* operate as absolute payment of the debt, but rather as an extension of credit, or as only conditional payment; and if the note at maturity is not paid, the right to sue the original debt and enforce its securities revives.

But though *primâ facie* the note has only this effect, yet if it was given and received by the parties as absolute payment or satisfaction, the debt will, upon proof that the note was so given and received, be regarded as paid or satisfied.

BILL IN EQUITY to foreclose a mortgage.

*Providence, March* 6, 1875. DURFEE, C. J. This is a bill to foreclose a mortgage of real estate in the city of Newport. In July, 1853, Isaiah Burdick borrowed $450 of Ann Wilbur, and gave her his promissory note for that amount secured by mortgage of said real estate. The said Ann Wilbur afterwards died, leaving a will in which she bequeathed the note to one William Wilbur. After this (October 19, 1853) the said Isaiah Burdick paid $50.00 on the note to said William Wilbur, and gave him a new note for $400. On the 26th December, 1855, William Wilbur gave and assigned the $400 note to the plaintiffs. On December 18, 1858, Isaiah Burdick conveyed the mortgaged estate by quitclaim deed to the defendant, Caroline C. Jernegan. The plaintiffs claim the right to have the mortgage foreclosed for the payment of the $400 note, on the ground that that note was simply a renewal of the mortgage note, and, being assigned to them, carried to them also, as incident to it, the mortgage. The defendant denies that the note was given in renewal of the mortgage note, but claims that it was given in discharge of it. She produces the mortgage note with the signature of Isaiah Burdick erased by lines drawn across it, and slit lengthwise and crosswise, as if by some sharp instrument. She produces the mortgage deed with the signatures thereon crossed out. She adduces testimony to the effect that the note and mortgage were so cancelled and erased by William Wilbur,

and were, when so cancelled and erased, surrendered by him to Isaiah Burdick, he being influenced to surrender them by a promise which he had made to Ann Wilbur on her death-bed that he would not, unless obliged by his necessities, exact payment of the note and mortgage, but would leave them by will to Mrs. Burdick. One witness testifies that he heard William Wilbur propose to go with the mortgagor and have the mortgage taken off the records ; and another witness that Wilbur told him, before the surrender of the note and mortgage, that if the mortgagor would pay the note in part, he would give up the note and mortgage and take his individual note for the balance ; and afterwards again told him that he had given up and cancelled the mortgage and note, and he then felt relieved as Ann's estate was settled and the mortgage out of the way.

The testimony adduced by the plaintiffs, though it may throw a shade of doubt over some of the testimony in behalf of the defendant, does not in our opinion substantially discredit it.

In this state giving a note for a precedent debt does not *primâ facie* operate as absolute payment of the debt, but rather as an extension of credit, or as only conditional payment ; and if the note at maturity is not paid, the right to sue the original debt and enforce its securities revives. *Sweet & Carpenter* v. *James,* 2 R. I. 270, 293 ; *Wheeler* v. *Schroeder,* 4 R. I. 383, 389.

But though *primâ facie* the note has only this effect, yet if it was given and received by the parties as absolute payment or satisfaction, the debt will, upon proof that the note was so given and received, be regarded as paid or satisfied. 2 Am. Lead. Cas. (4th ed.) 247 *et seq.,* and cases above cited.

The case at bar has an element which assimilates it to a case of *novation.* 1 Parsons on Contracts (5th ed.), 217. The original note was made payable to Ann Wilbur ; the new note was made payable to William Wilbur, and to him, not as the legal representative of Ann Wilbur, which he is not averred to have been, though some of the testimony may imply as much, but to him personally. It is hardly possible, therefore, to regard the new note simply as a renewal or extension of the original note. We think on the evidence, and in view of these peculiarities of the case, the $50 in cash and the new note must be considered to have been given and received, if not in payment or satisfaction

of the original note and mortgage, then at least in exchange for them or for the property which William Wilbur had in them as legatee under the will of Ann Wilbur. If this be so, the plaintiffs, as indorsees of the new note, are not entitled to resort to the mortgage as security for it, even supposing they could so have resorted to the mortgage in case the new note had been merely given in renewal or extension of the original note, — a point which we need not decide, The relief which the plaintiffs ask for is denied, at least so far as the defendant who has answered the bill is concerned.

*B. N. & S. S. Lapham,* for complainants.

*James Tillinghast,* for respondents.